UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. DOWNEY, ESQ.<br><br>　　　Plaintiff,<br><br>v.<br><br>FIRST INDEMNITY INSURANCE, FIRST INDEMNITY INSURANCE AGENCY, INC., FIRST INDEMNITY INSURANCE SERVICES, INC., FIRST INDEMNITY INSURANCE GROUP, ANDREW BIGGIO, and JOHN M. BIGGIO, FIRST MERCURY INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY,<br><br>　　　Defendants. | C.A. No.: 2:13-CV-04545-MSG |

**ANSWER OF DEFENDANTS, FIRST INDEMNITY INSURANCE, FIRST INDEMNITY INSURANCE AGENCY, INC., FIRST INDEMNITY INSURANCE SERVICES, INC., FIRST INDEMNITY INSURANCE GROUP, ANDREW BIGGIO, and JOHN M. BIGGIO TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE <u>DEFENSES AND JURY DEMAND</u>**

　　　Defendants, First Indemnity Insurance, First Indemnity Insurance Agency, Inc., First Indemnity Insurance Services, Inc., First Indemnity Insurance Group, Andrew Biggio, and John M. Biggio, (hereinafter collectively "First Indemnity Defendants" unless otherwise specifically indicated) hereby answer Plaintiff's Complaint as follows:

1.　　First Indemnity Defendants deny that the amount in controversy exceeds $75,000. With respect to the remaining allegations, Paragraph 1 of Plaintiff's complaint contains legal assertions or conclusions to which no responsive pleading is required.

2.　　Paragraph 2 of Plaintiff's complaint contains legal assertions or conclusions to which no responsive pleading is required.

3. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 3 of the Complaint.

4. Denied.

5. [paragraph 5 omitted in Plaintiff's Complaint]

6. Admitted.

7. Admitted.

8. Denied.

9. Denied as stated.

10. Denied as stated.

11. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 11 of the Complaint.

12. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 12 of the Complaint.

13. First Indemnity Defendants state only that Plaintiff's Exhibit A speaks for itself.

14. Admitted.

15. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 15 of the Complaint.

16. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 16 of the Complaint. First Indemnity Defendants state only that Plaintiff's Exhibit B speaks for itself.

17. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 17 of the Complaint. First Indemnity Defendants state only that Plaintiff's Exhibit C speaks for itself.

18. Denied

19. First Indemnity Defendants state only that Plaintiff's Exhibit E speaks for itself. To the extent a further response is required, Defendants state denied.

20. First Indemnity Defendants state only that Plaintiff's Exhibit E speaks for itself.

21. Admitted.

22. Denied.

23. Denied.

24. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 24 of the Complaint, except that they admit that Downey contacted the First Indemnity Defendants.

25. First Indemnity Defendants state only that Plaintiff's Exhibit F speaks for itself.

26. First Indemnity Defendants state only that Plaintiff's Exhibit F speaks for itself.

27. Denied

28. Denied.

29. First Indemnity Defendants state only that Plaintiff's Exhibit G speaks for itself.

30. First Indemnity Defendants state only that Plaintiff's Exhibit G speaks for itself.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied

37. First Indemnity Defendants have insufficient information either to admit or deny the allegations in paragraph 37 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### COUNT I
### BREACH OF CONTRACT
(Downey v. First Indemnity Defendants)

42. First Indemnity Defendants hereby repeat and reallege their answers to the preceding paragraphs of the plaintiff's Complaint.

43. Denied.

44. Denied.

WHEREFORE, First Indemnity Defendants deny liability and demand judgment in their favor plus costs and such other further relief as the Court may deem appropriate and just.

### COUNT II
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICE ACT CONSUMER PROTECTION LAW
(Downey v. All Defendants)

45. First Indemnity Defendants hereby repeat and reallege their answers to the preceding paragraphs of the plaintiff's Complaint.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE, First Indemnity Defendants deny liability and demand judgment in their favor plus costs and such other further relief as the Court may deem appropriate and just.

837504.1

## COUNT III
## VICARIOUS LIABILITY AND DIRECT NEGLIGENCE
(Plaintiff v. State & Mercury)

49. First Indemnity Defendants hereby repeat and reallege their answers to the preceding paragraphs of the Plaintiff's Complaint.

50. To the extent this paragraph concerns Defendants other than First Indemnity Defendants, or to the extent it contains legal assertions and conclusions, no response is required. Otherwise, denied.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, First Indemnity Defendants deny liability and demand judgment in their favor plus costs and such other further relief as the Court may deem appropriate and just.

### AFFIRMATIVE DEFENSES

1. If Plaintiff has been damaged, which First Indemnity Defendants denies, such damages were caused in whole or in part by the negligence/fault of Plaintiff, reducing or completely barring Plaintiff's alleged right to recover against the First Indemnity Defendants, per 42 Pa.C.S. § 7102(a) or any other applicable law or statutes.

2. If Plaintiff has been damaged, which First Indemnity Defendants deny, such damages were caused in whole or in part by the negligence/fault of one or more persons/entities for whose conduct the First Indemnity Defendants are not legally responsible.

837504.1

3.  If Plaintiff has been damaged, which First Indemnity Defendants deny, the negligence or fault of one or more persons/entities for whose conduct the Defendant is not legally responsible constitutes the sole, intervening or superseding cause of Plaintiff's alleged damages.

4.  If Plaintiff has been damaged, which First Indemnity Defendants deny, such damages were caused by one or more unforeseeable intervening and/or superseding event for which the Defendant is not legally responsible.

5.  Plaintiff has failed to mitigate his damages, if any.

6.  Plaintiff's claims are barred by the statute of repose.

7.  Plaintiff's claims are barred by the statute(s) of limitations.

8.  Plaintiff failed to give notice.

9.  Plaintiff's action is barred by estoppel, waiver and/ or laches.

10. If First Indemnity Defendants failed to perform any agreement, which the First Indemnity Defendants deny, it was excused from performance.

11. To the extent that the First Indemnity Defendants had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

12. The complaint should be dismissed for insufficient process and insufficient service of process.

13. The complaint should be dismissed to the extent it asserts causes of action against non-existent persons or entities.

14. If Plaintiff recovers from First Indemnity Defendants, First Indemnity Defendants are entitled to contribution, set-off and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiff's alleged damages.

837504.1

15. Plaintiff's complaint fails to state a claim upon which relief can be granted.

16. Plaintiff's claims fail due to lack of privity with the First Indemnity Defendants.

17. Plaintiff's Complaint is barred by the doctrine of in pari delicto.

18. Plaintiff's Complaint is barred by the doctrine of clean hands.

19. Plaintiffs' case may be subject to dismissal or transfer under the doctrine of forum non conveniens.

20. First Indemnity Defendants did not commit unfair business practices prohibited by the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

21. First Indemnity Defendants did not misrepresent or conspire to misrepresent pertinent facts or policy provisions relating to the coverage at issue.

22. First Indemnity Defendants did not engage in a pattern and practice of attempting to confuse and mislead Plaintiff.

23. First Indemnity Defendants did not commit malfeasance.

24. First Indemnity Defendants state that they are entitled to and claim the benefits of all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Pennsylvania and any other state whose law is deemed to apply in this case.

25. First Indemnity Defendants state that intend to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserve the right to amend its Answer to assert these defenses.

26. First Indemnity Defendants incorporate the defenses of all others who are or who may become parties to this action as though more fully set forth herein.

## JURY DEMAND

**THE FIRST INDEMNITY DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

837504.1

Respectfully submitted,

Defendants,

FIRST INDEMNITY INSURANCE, FIRST INDEMNITY INSURANCE AGENCY, INC., FIRST INDEMNITY INSURANCE SERVICES, INC., FIRST INDEMNITY INSURANCE GROUP, ANDREW BIGGIO, AND JOHN M. BIGGIO,

/s/ *William J. Taylor, Jr.*
_____
William J. Taylor, Jr.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Independence Sq. West - The Curtis Center - Suite 1130 East
Philadelphia, PA 19106-3308
(215) 627-6900

Dated: November 19, 2013

837504.1

## CERTIFICATE OF SERVICE

I, William J. Taylor, Jr., Esquire, attorney for defendants, First Indemnity Insurance, First Indemnity Agency, Inc., First Indemnity Insurance Service, Inc., First Indemnity Insurance Group, Andrew Biggio and John M. Biggio, hereby certifies that on November 19, 2013, a true and correct copy of the Answer to Complaint, was served via ECF to:

Matthew B. Weisburg, Esquire
Weisburg Law
Seven South Morton Avenue
Morton, PA 19070
*Attorney for Plaintiff, Philip A. Downey*

And via First-Class mail to:

State National Insurance Company
1900 L. Don Dodson Drive
Bedford, TX 76021

First Mercury Insurance Company
26600 Telegraph Road
Southfield, MI 48033

/s/ William J. Taylor, Jr., Esquire

837504.1