IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP A. DOWNEY | : | |
| | : | |
| Plaintiff, | : | NO. 13-4545 |
| V. | : | |
| FIRST INDEMNITY INSURANCE, FIRST INDEMNITY INSURANCE AGENCY, INC. FIRST INDEMNITY INSURANCE SERVICES, INC., FIRST INDEMNITY INSURANCE GROUP, ANDREW BIGGIO, And JOHN M. BIGGIO, FIRST MERCURY INSURANCE COMPANY AND STATE NATIONAL INSURANCE COMPANY Defendants. | : | |

## ORDER

And now, on this _____ day of _____, 2014, upon consideration of Defendants First Mercury Insurance Company and State National Insurance Company's Motion to Dismiss and any Opposition thereto, it is hereby ORDERED that Defendants First Mercury Insurance Company and State National Insurance Company's Motion to Dismiss is GRANTED and that judgment is hereby entered in favor of First Mercury Insurance Company and State National Insurance Company dismissing with prejudice all claims against them in this action

BY THE COURT:

_____
                                     ,USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP A. DOWNEY                                :
                                                :
                                                :
                    Plaintiff,                  : NO. 13-4545
                                                :
        V.                                      :
                                                :
FIRST INDEMNITY INSURANCE, FIRST                :
INDEMNITY INSURANCE AGENCY, INC.                :
FIRST INDEMNITY INSURANCE                       :
SERVICES, INC., FIRST INDEMNITY                 :
INSURANCE GROUP, ANDREW BIGGIO,                 :
And JOHN M. BIGGIO, FIRST MERCURY               :
INSURANCE COMPANY AND STATE                     :
NATIONAL INSURANCE COMPANY                      :
                    Defendants.                 :

## MOTION OF DEFENDANTS FIRST MERCURY INSURANCE COMPANY AND STATE NATIONAL INSURANCE COMPANY TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants First Mercury Insurance Company (hereafter "First Mercury") and State National Insurance Company (hereafter "State National") by and through their undersigned attorneys, respectfully move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's Complaint against First Mercury and State National for failure to state a claim upon which relief can be granted. In support of their motion, First Mercury and State National rely upon the accompanying memorandum of law, which is incorporated herein.

1

1. Plaintiff's Complaint purports to assert two causes of action against First Mercury and State National. The first count of the complaint is against defendants other than First Mercury and State National. *See* Plaintiff's Complaint attached hereto as Exhibit "A".

2. Count II asserts a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq.,("UTPCPL") and the Pennsylvania Unfair Insurances Practices Act. 40 Pa.C.S.A. §1171.1 et seq. ("UIPA"). *See* Exhibit "A".

3. The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq., only provides a private right of action for "any person who purchases . . . goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" because the seller engaged in "unfair or deceptive acts or practices." 73 Pa.C.S.A.. §§ 201-3, 201-9.2(a).

4. Plaintiff's Complaint asserts the purchase of a policy of insurance for business purposes, i.e. Lawyer's Professional Liability. *See* Exhibit "A".

5. Plaintiff lacks standing under the UTPCPL to bring the above action because he purchased the Lawyers Professional Liability Insurance Policy for business, rather than "personal, family or household purposes." *Britamco Underwriters, Inc. v. C.J.H., Inc.*, 845 F. Supp. 1090, 1096 (E.D. Pa.

2

1994) ("Where insurance is purchased for business purposes, there will be no standing to assert a private cause of action [under the UTPCPL].").

6. Allegations that an insurer has failed to pay benefits under an insurance policy are acts of nonfeasance and are not sufficient to state a claim under Pennsylvania's Unfair Trade Practices Law.

7. The economic loss doctrine bars claims under the UTPCPL where the only damages sought are for economic losses. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 679 (3d Cir. 2002).

8. Plaintiff lacks standing under the UIPA to bring the above action because there is no private cause of action under the UIPA, as it can only be enforced by the State Insurance Commissioner. *Leach v. Northwestern Mut. Ins. Co.*, 262 Fed. Appx. 455, 459 (3d Cir. 2008) (citing *D'Ambrosio v. Penn. Nat'l Mut. Cas. Ins. Co.*, 494 Pa. 501, 431 A.2d 966, 970 (Pa. 1981)).

9. Plaintiff also seeks to assert a vicarious liability and direct negligence cause of action against First Mercury and State National. *See* Exhibit "A".

10. No basis for recovery is pled that is anything more than a claim based upon an alleged contractual relationship between the parties.

11. Plaintiff asserts that on or about August 7, 2009, First Mercury issued a letter denying coverage to Philip A. Downey under the Lawyers Professional Liability Policy issued to Plaintiff. *See* Exhibit "A".

3

12. Under Pennsylvania law, the gist of the action doctrine precludes recovery in tort for claims that arise from an alleged contractual relationship between the parties which do not seek to recover for property damage or personal injury.

13. The only damages sought by Plaintiff from First Mercury and State National are for economic losses. *See* Exhibit "A".

14. Under Pennsylvania law, the economic loss doctrine precludes recovery for economic losses where no personal injury or property damage is alleged. *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 604 Pa. 50, 985 A.2d 840, 841 n.3 (Pa. 2009) (quoting *Adams v. Copper Beach Townhome Cmtys., L.P.*, 2003 PA Super 30, 816 A.2d 301, 305 (Pa. Super. Ct. 2003)).

**WHEREFORE**, First Mercury and State National pray for relief as follows:

A. For a declaration that Plaintiff has no standing to assert a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq.,("UTPCPL") and the Pennsylvania Unfair Insurances Practices Act. 40 Pa.C.S.A. §1171.1 et seq. ("UIPA").

B. For a declaration that Plaintiff's claims for vicarious liability and negligence be dismissed based on the economic loss doctrine and gist of the action doctrine;

4

C. Dismissing First Mercury and State National from the complaint;

D. For its attorneys' fees and costs pursuant to law; and

E. For such other relief as is just and equitable herein.

        Respectfully submitted,

        KOCH & DeMARCO, LLP

BY:   s/Wendy H. Koch
       WENDY H. KOCH
       Atty. I.D. No.: 19503
       CAROLYN BATES KELLY
       Atty. I.D. No. 75668
       Jenkintown Plaza, Suite 300
       101 Greenwood Avenue
       Jenkintown, PA 19046
       (215) 881-2280
       wkoch@kochdemarco.com

       Attorneys for Defendants
       First Mercury Insurance Company
       and State National Insurance
       Company

Dated: December 6, 2013

## CERTIFICATION OF SERVICE

I, Wendy H. Koch, hereby certify that a true and correct copy of the Motion to Dismiss of Defendants First Mercury Insurance Company and State National Insurance Company with supporting Memorandum of Law and Exhibits was electronically sent by the Court to all counsel of record.

KOCH & DEMARCO, LLP

BY: *Wendy H. Koch*/WHK7296
WENDY H. KOCH
Atty. I.D. No.: 19503
Attorneys for Defendant,
State National Insurance Company

101 Greenwood Avenue
Jenkintown Plaza, Suite 300
Jenkintown, PA 19046
(215) 881-2280

Dated: December 6, 2013

6