IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. DOWNEY | : |
| | : |
| | : |
| Plaintiff, | : NO. 13-4545 |
| | : |
| V. | : |
| | : |
| FIRST INDEMNITY INSURANCE, FIRST | : |
| INDEMNITY  INSURANCE AGENCY, INC. | : |
| FIRST INDEMNITY INSURANCE | : |
| SERVICES, INC., FIRST INDEMNITY | : |
| INSURANCE GROUP, ANDREW BIGGIO, | : |
| And JOHN M. BIGGIO, FIRST MERCURY | : |
| INSURANCE COMPANY AND STATE | : |
| NATIONAL INSURANCE COMPANY | : |
| Defendants. | : |

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

I.  INTRODUCTION ......................................................................... 2

II.  FACTUAL BACKGROUND ...................................................... 2

    A.  Allegations that First Mercury and State National denied coverage.. 3

    B.  Cause of Action under UTPCPL and UIPA ......................................... 5

    C.  Claims of Vicarious Liability and Negligence ..................................... 6

III.  LEGAL ARGUMENT .................................................................. 6

    A.  Legal Standard .................................................................................. 6

    B.  Choice of Law ..................................................................................... 7

    C.  Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq.,("UTPCPL") ........................................... 8

        1.  The Scope of the UTPCPL is Limited to Personal not Business Transactions.................................................................................. 9

        2.  The Failure to Pay Benefits Allegedly Due is not Actionable under the Unfair Trade Practices Law ................................................... 10

        3.  The Economic Loss Doctrine Bars the Claim ............................... 11

    D.  Pennsylvania Unfair Insurances Practices Act. 40 Pa.C.S.A. §1171.1 et seq. ("UIPA") ............................................................................ 11

    E.  Count III Claims are Based on Contract Theories of Liability .......... 12

        1.  Gist of the Action ....................................................................... 13

        2.  Economic Loss Doctrine .............................................................. 15

IV  CONCLUSION ........................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Amica Mut. Ins. Co. v. Fogel,* 656 F.3d 167, 170-71 (3d Cir. 2011). ............ 10

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1979 (U.S. 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 577, 570 (2007)) .................................................. 8

*Bash v. Bell Tel. Co.,* 411 Pa. Super. 347, 601 A.2d 825 (Pa. Super. 1992 .... 17

*Bash,* 411 Pa. Super. at 357, 601 A.2d at 829 ........................................ 19

*Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 104 (3d Cir. 2001) ................................................................................... 19

*Britamco Underwriters, Inc. v. C.J.H., Inc.,* 845 F. Supp. 1090, 1096 (E.D. Pa. 1994) ................................................................................... 12

*DeFebo v. Anderson Windows,* 654 F. Supp.2d 285, 286 (E.D. PA 2009) ...... 16

*Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 618 (3d Cir. 1995). ................................................................................... 20

*Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) ..................... 9

*Freestone v. New Eng. Log Homes, Inc.,* 819 A.2d 550, 552 (2003). ........... 18

*Gardner v. State Farm Fire & Cas. Co.,* 544 F.3d 553, 564 (3d Cir. 2008) (quoting *Horowitz, 57 F.3d at 307*) .................................................... 14

*Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (Pa. 1964), ........... 10

Griffith, 203 A.2d at 805-806 ............................................................. 10

*Hammersmith v. TIG Ins. Co.,* 480 F.3d 220, 227 (3d Cir. 2007) ............... 10

*Hart v. Arnold,* 887 A.2d 316, 339-70 (Pa. Super. Ct. 2005) ..................... 17

*Horowitz v. Federal Kemper Life Ass. Co.,* 57 F.3d 300, 307 (3d Cir. 1995).. 13

*Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 .............................................................................. 9

*Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941 .......................................................................... 9

*Leach v. Northwestern Mut. Ins. Co.,* 262 Fed. Appx. 455, 459 (3d Cir. 2008) (citing *D'Ambrosio v. Penn. Nat'l Mut. Cas. Ins. Co.,* 494 Pa. 501, 431 A.2d 966, 970 (Pa. 1981)) ........................................................................ 15

*Lites v. Great Am. Ins. Co.,* No. 00-cv-525, 2000 U.S. Dist. LEXIS 9036 at *5 (E.D. Pa. June 23, 2000) ........................................................... 13, 15

*New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp.,* 387 Pa. Super. 537, 564 A.2d 919, 925 (Pa. Super. Ct. 1989); ......................... 19

*Novinger Group, Inc. v. Hartford Life & Annuity Ins. Co.,* 514 F. Supp. 2d 662 (M.D. Pa. 2007) ........................................................................ 12

*Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ................................................................................... 9

*Parasco v. Pac. Indem. Co.,* 920 F. Supp. 677, 656 (E.D. Pa. 1996)............. 13

*Redevelopment Auth. of Cambria County v. Int'l Ins. Co.,* 454 Pa. Super. 374, 685 A.2d 581, 590 (Pa. Super. 1996)................................................ 18

*Robbins v. Metro. Life Ins. Co. of Ct.,* No. 08-0191, 2008 U.S. Dist. LEXIS 104902, at *16 (E.D. Pa. Dec. 27, 2008) .............................................. 13

*Spivak v. Berks Ridge Corp.,* 402 Pa. Super. 73, 586 A.2d 402,405 (1990).... 20

Standard Venetian Blind Co. v. Am. Empire Ins. Co., 503 Pa. 300, 469 A.2d 563, 566 (Pa. 1983 .....................................................................................5

*Stein v. Fenestra Am., LLC,* No. 09-5038, 2010 U.S. Dist. LEXIS 22286 at *11 (E.D. Pa. Mar. 9, 2010)................................................................................ 20

*Sunshine v. Reassure Am. Life Ins. Co.,* 2012 U.S. Dist. LEXIS 30441 (E.D. Pa., 10-CV-01030, Mar. 6, 2012); aff'd.(non-precedential opinion) 515 Fed. Appx. 140 (3rd. Cir. 2013)................................................................................ 14

*Werwinski v. Ford Motor Co.,* 286 F.3d 661, 679 (3d Cir. 2002)................. 20

**Other Authorities**

411 Pa. Super at 355, 601 A.2d at 829 ................................................. 18

73 P.S. § 201-2(7) ............................................................................ 13

73 PA. CONS. STAT. ANN. §§ 201-3, 201-9.2(a). ................................... 11

73 Pa.C.S.A. §201-1 ...........................................................................6

73 Pa.C.S.A.. §§ 201-3, 201-9.2(a) ......................................................7

Pennsylvania Unfair Insurances Practices Act. 40 Pa.C.S.A. §1171.1 ...........6

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 ..................................................................6, 10

## I.  INTRODUCTION

Plaintiff, Philip A. Downey seeks to recover from Defendants First Mercury Insurance Company (hereafter "First Mercury") and State National Insurance Company (hereafter "State National") attorney fees and damages as a result of the denial of coverage under a claims made Lawyers Professional Liability Policy of insurance issued by State National.  Attorney Downey claims that he was the subject of a legal malpractice complaint filed on or about July 6, 2009 by Nicholas Knopick. The complaint was based on alleged malpractice by Downey that occurred on July 5, 2007 when he (Downey) failed to file a claim in tort for legal malpractice within the 2 year statute of limitations against Mr. Knopick's former attorneys. *See* paragraph 1 of the Downey Complaint attached hereto as Exhibit "A".

Plaintiff alleges that First Mercury and State National denied coverage based on a retroactive date endorsement in the policy it issued.

Plaintiff's Complaint purports to assert two causes of action against First Mercury and State National.  The first count of the complaint, breach of contract, is against defendants other than First Mercury and State National.

## II.  FACTUAL BACKGROUND

Because this is a motion to dismiss, all of the well-pled facts set forth in the complaint are deemed true for the purpose of resolving this motion. The Court may consider the Exhibits including the State National Lawyers

2

Professional Liability Policy and the denial letter that forms the basis for the claims against First Mercury and State National which are attached to and made a part of the Plaintiff's complaint.

### A.    Allegations that First Mercury and State National denied coverage

The basis for the claim against First Mercury and State National is that coverage was denied based on a retroactive date endorsement attached to the policy.  A copy of the Lawyers Professional Liability Policy under which coverage was denied at Exhibit "J", and the denial letter at Exhibit "B" of the complaint clearly explain that coverage is denied based on the fact that:

> *This policy does not apply to any CLAIMS or CLAIMS arising from, attributable to, or based upon any WRONGFUL ACT(S) committed or alleged to have been committed by the following lawyers prior to the corresponding retroactive date.*
>
> *Name of Attorney and Retroactive Date*
>
> *Philip A. Downey, 10/01/2007.*

The Lawyers Professional Liability Policy clearly shows a Retroactive Date endorsement on the Declarations page.  [Exhibit "J" to Plaintiff's complaint.] The Schedule of Policy Forms and Endorsements clearly shows a Retroactive Date Endorsement.  The Circumstance/Incident Reporting Endorsement clearly states "this insurance applies to a claim only if "[T]he professional services giving rise to such claim or circumstance which could give rise to a claim are rendered"... "on or after the retroactive date specified for the named insured and before the end of the policy period"...

3

[Endorsement CVX-LAW-243 (12/2004) at Exhibit "J".] The Retroactive Date Endorsement attached to the policy specifies that the retroactive date for Philip A. Downey is 10/01/2007.   [Endorsement CVX-LAW-266 (04/2005) at Exhibit "J".].

The complaint does not allege that Mr. Downey read his Professional Liability Policy, although under the law of Pennsylvania, when the terms of the policy are clear and unambiguous those terms will be enforced regardless of whether the person has actually read the policy.  *Standard Venetian Blind Co. v. Am. Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (Pa. 1983)[1].

While Mr. Downey states that First Mercury and/or State National is vicariously liable for the other defendants failure to procure proper coverage for him, the Solicitation attached as Exhibit "E" to the complaint expressly contradicts this by clearly stating that the First Indemnity defendants are "independent insurance agents" who are "not beholden to any one insurance company".   Mr. Downey has pled no facts that would establish that he had any contact with First Mercury or State National prior to his notice of the claim made against him in July/August 2009 (paragraph 14 of Plaintiff's complaint).

---

[1] "[W]here, as here, the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it." 503 Pa. at 307.

First Mercury and State National seek dismissal of the counts asserted against them.  As the first count is against defendants other than moving defendants, it is not addressed.

## B.   Cause of Action under UTPCPL and UIPA

Count II of the Downey Complaint asserts a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq., ("UTPCPL") and the Pennsylvania Unfair Insurances Practices Act. 40 Pa.C.S.A. §1171.1 et seq. ("UIPA").   The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq., only provides a private right of action for "any person who purchases . . . goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" because the seller engaged in "unfair or deceptive acts or practices." 73 Pa.C.S.A.. §§ 201-3, 201-9.2(a).

Plaintiff's Complaint asserts the purchase of a policy of insurance for business purposes, i.e. Lawyer's Professional Liability. Plaintiff does not assert, nor can he assert that the Lawyer's Professional Liability policy was purchased for personal, family or household purposes.  The claim arose out of business pursuits.   The applications attached to the complaint clearly evidence the intent to obtain insurance for his law practice.

C.      Claims of Vicarious Liability and Negligence

Plaintiff also seeks to assert a vicarious liability and direct negligence cause of action against First Mercury and State National.  No basis for recovery is pled that is anything more than a claim based upon an alleged contractual relationship between the parties.  Plaintiff asserts that on or about August 7, 2009, First Mercury issued a letter denying coverage to Philip A. Downey under the Lawyers Professional Liability Policy issued to Plaintiff.  Under Pennsylvania law, the Gist of the action doctrine precludes recovery in tort for claims that arise from an alleged contractual relationship between the parties which do not seek to recover for property damage or personal injury.  In addition, the only damages sought by Plaintiff from First Mercury and State National are for economic losses.

## III.   LEGAL ARGUMENT

### A.      Legal Standard

This Court may dismiss a complaint if it determines that the complaint fails to state any claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

6

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1979 (U.S. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 577, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id..* In evaluating a Rule 12(b)(6) motion, a district court first should separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The complaint must rest on factual allegations, not on unsupported legal conclusions. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.


B.    Choice of Law


As a federal court sitting in diversity, this Court should apply the choice-of-law rules of the forum state, Pennsylvania. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 *(1941); Amica Mut. Ins. Co. v. Fogel,* 656 F.3d 167, 170-71 (3d Cir. 2011). The Pennsylvania Supreme Court has not yet abandoned the lex loci contractus (place of contract) rule in contract cases, although the Third Circuit in

*Hammersmith v. TIG Ins. Co.,* 480 F.3d 220, 227 (3d Cir. 2007) applied the *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (Pa. 1964), rule which permits analysis of the policies and interests underlying the particular issue before the court." *Griffith,* 203 A.2d at 805-806.   Under either rule, it appears that Pennsylvania law will apply.

    **C.**    **Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et seq.,("UTPCPL")**

The Pennsylvania Unfair Trade Practices and Consumer Protection Law creates a private right of action for "any person who purchases . . . goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" because the seller engaged in "unfair or deceptive acts or practices." 73 PA. CONS. STAT. ANN. §§ 201-3, 201-9.2(a).

Attorney Downey's claim against First Mercury and State National rests entirely on Plaintiff's allegation that these entities breached their duties under the contract of insurance they issued to Plaintiff.   Plaintiff's claim for violation of the Unfair Trade Practices Law should be dismissed for three independent reasons: 1) the insurance policies were purchased for business purposes and do not fall within the scope of the law; 2) the failure to pay benefits allegedly due is not actionable under the Unfair Trade Practices

8

Law; and 3) the economic loss doctrine bars claims that are inextricably intertwined with an alleged breach of contract involving only economic harm.

      1.    <u>The Scope of the UTPCPL is Limited to Personal not Business Transactions</u>

Plaintiff lacks standing under the UTPCPL to bring the above action because he purchased the Lawyers Professional Liability Insurance Policy for business, rather than "personal, family or household purposes". The UTPCPL does not apply to persons who have purchased or leased goods or services for business use. "Where insurance is purchased for business purposes, there will be no standing to assert a private cause of action [under the UTPCPL." *Britamco Underwriters, Inc. v. C.J.H., Inc.,* 845 F. Supp. 1090, 1096 (E.D. Pa. 1994); *Novinger Group, Inc. v. Hartford Life & Annuity Ins. Co.,* 514 F. Supp. 2d 662 (M.D. Pa. 2007).

Plaintiff states that he is "the Principal of The Downey Law Firm, LLC." Nowhere in the complaint is there an allegation that the insurance was purchased for personal, family or household purposes. The applications clearly reference the business of law. They cite to the areas of practice and the performance of professional services and request information about advertising practices. The insurance applies to professional services to a client of the insured, within the insured's profession. *See* Circumstance/Incident Reporting Endorsement at Exhibit "J" to Plaintiff's Complaint.

Plaintiff clearly lacks standing to bring the action based on an insurance policy issued to a business. Accordingly, this Court should dismiss Count II of Plaintiff's complaint.

2.  <u>The Failure to Pay Benefits Allegedly Due is not Actionable under the Unfair Trade Practices Law</u>

Under the Unfair Trade Practices Law, the "defendant's alleged conduct must rise to the level of an unfair or deceptive practices as defined under 73 P.S. § 201-2(7)." *See Lites v. Great Am. Ins. Co.*, No. 00-cv-525, 2000 U.S. Dist. LEXIS 9036 at *5 (E.D. Pa. June 23, 2000) (a copy of this opinion is attached hereto as Exbhibit "B"). The Unfair Trade Practices Law provides redress for acts of misfeasance rather than acts of nonfeasance. *See Horowitz v. Federal Kemper Life Ass. Co.*, 57 F.3d 300, 307 (3d Cir. 1995); *Robbins v. Metro. Life Ins. Co. of Ct.*, No. 08-0191, 2008 U.S. Dist. LEXIS 107902, at *16 (E.D. Pa. Dec. 27, 2008) (a copy of this case is attached hereto as Exhibit "C"); *Parasco v. Pac. Indem. Co.*, 920 F. Supp. 677, 656 (E.D. Pa. 1996). The UTPCPL requires malfeasance in order to support a cause of action, and "and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008) (quoting *Horowitz, 57 F.3d at 307*). Therefore, allegations that an insurer has failed to pay benefits under an insurance policy are not sufficient to state a claim under Pennsylvania's Unfair Trade Practices Law and accordingly the claim must be dismissed.

3.       The Economic Loss Doctrine Bars the Claim[2]

Further, Downey's complaint alleges only a loss of money as the result of alleged unfair or deceptive acts in violation of Pennsylvania's UTPCPL. Under such circumstances, the claim must be dismissed. See *Sunshine v. Reassure Am. Life Ins. Co.,* 2012 U.S. Dist. LEXIS 30441 (E.D. Pa., 10-CV-01030, Mar. 6, 2012) (a copy of this case is attached as Exhibit "D"); aff'd.(non-precedential opinion) 515 Fed. Appx. 140 (3rd. Cir. 2013) finding the economic loss doctrine barred Sunshine's UTPCPL claim and required dismissal with prejudice.

Similar to this case Sunshine's action sought damages in connection with an insurance policy that he purchased from defendant. Unlike this case, Sunshine's insurance policy was one for personal disability and therefore did not involve the threshold issue of whether the statute applied. Nevertheless, the District Court concluded that the economic loss doctrine barred Sunshine's UTPCPL claim. The Third Circuit agreed and affirmed the dismissal. This court should do likewise.


D.       Pennsylvania Unfair Insurances Practices Act. 40 Pa.C.S.A. §1171.1 et seq. ("UIPA").

Further, Plaintiff lacks standing under the UIPA to bring the above action because there is no private cause of action under the UIPA, as the UIPA can only be enforced by the State Insurance Commissioner. *Leach v.*

---

[2] This doctrine is discussed more fully in section E. below.

*Northwestern Mut. Ins. Co.*, 262 Fed. Appx. 455, 459 (3d Cir. 2008) (citing *D'Ambrosio v. Penn. Nat'l Mut. Cas. Ins. Co.*, 494 Pa. 501, 431 A.2d 966, 970 (Pa. 1981)). The UIPA expressly provides that enforcement of its provisions is the responsibility of the Insurance Commissioner and does not confer a private right of action. 40 P.S. § 1171.1, et seq. Since Courts have no authority to determine UIPA claims, private actions must be dismissed insofar as they rely on the UIPA. *Lites v. Great Am. Ins. Co.*, No. Civ.A. 00-CV-525, 2000 U.S. Dist. LEXIS 9036, at *6 (E.D. Pa. June 23, 2000). (See Exhibit "B".)

Plaintiff clearly lacks standing to bring a claim under the Pennsylvania UIPA and therefore, the claim must be dismissed.

### E.    Count III Claims are Based on Contract Theories of Liability

Although Plaintiff attempts to assert claims for vicarious liability and negligence against First Mercury and State National, these claims are based on contract theories of liability and seek only economic damages. In *DeFebo v. Anderson Windows*, 654 F. Supp.2d 285, 286 (E.D. PA 2009), the court picturesquely observed "[s]omething like a gathering storm, this [case] is one in an increasing number of cases where the plaintiff attempts to turn straightforward breach of contract and warranty claims into tort claims. Pennsylvania law is not hospitable to such attempts." By pleading negligence and vicarious liability, Plaintiff adds to the storm clouds. Plaintiff's attempts

to apply negligence theories against his insurance company are barred by the gist of the action and the economic loss doctrines.

    1.    <u>Gist of the Action</u>

The gist of the action doctrine precludes a tort action for breach of contractual duties if no independent events give rise to the tort. As noted by the Pennsylvania Superior Court:

> [The] "gist of the action" doctrine, which operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims.... Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.... In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.... [T]he doctrine bars tort claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*Hart v. Arnold,* 887 A.2d 316, 339-70 (Pa. Super. Ct. 2005).

*See* also *Bash v. Bell Tel. Co.,* 411 Pa. Super. 347, 601 A.2d 825 (Pa. Super. 1992. In *Bash,* the court granted preliminary objections to negligence counts where plaintiff sought recovery for the defendant's failure to exercise the judgment, care and skill that would be reasonably expected from similarly situated advertising specialists and failure to insure that proper

procedures were followed in transmitting Plaintiff's advertisement specifications to those individuals responsible for printing the advertisements. 411 Pa. Super at 355, 601 A.2d at 829. These allegations, like the allegations against defendants in this case, are allegations that a business failed to meet the standards of that business. Allegations that a defendant committed a tort in the course of carrying out a contractual agreement require a court to determine whether the "gist" gravamen of an action sounds in contract or tort. See *Freestone v. New Eng. Log Homes, Inc.,* 819 A.2d 550, 552 (2003).

Tort claims cannot merely restate a breach of contract claim with different headings or be wholly dependent upon the terms of the contracts. The distinction between tort and contract is that tort actions arise from the breach of duties imposed by social policy while contract actions arise from the breach of duties imposed by agreements between the parties. *Redevelopment Auth. of Cambria County v. Int'l Ins. Co.,* 454 Pa. Super. 374, 685 A.2d 581, 590 (Pa. Super. 1996). The Gist of the action is contractual if the parties' obligations are defined by contract terms, not by the larger social policies from the law of torts. *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 104 (3d Cir. 2001). Plaintiff's claim against First Mercury and State National arises from business transactions. The obligations between Downey and First Mercury and State National are not defined "by the larger social policies embodied in the law of torts." *Bash,* 411 Pa. Super. at 357, 601 A.2d

at 829.   Count III should thus be dismissed under the Gist of the action doctrine.

2.   Economic Loss Doctrine

Another way in which Pennsylvania courts have shown a lack of hospitality to tort liability for purely economic loss is through the economic loss doctrine.  Like the gist of the action doctrine, the economic loss doctrine is meant to keep tort and contract law separate. Pennsylvania law requires that in cases where a contract and negligence are alleged, the parties' recovery for purely economic losses is limited to an action on the contract. *New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp.,* 387 Pa. Super. 537, 564 A.2d 919, 925 (Pa. Super. Ct. 1989); see also *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 618 (3d Cir. 1995).   The economic loss doctrine precludes recovery for economic losses in a tort action where the plaintiff has suffered no physical or property damage.   *Spivak v. Berks Ridge Corp.,* 402 Pa. Super. 73, 586 A.2d 402,405 (1990).

In addition to barring claims based on misrepresentation and negligent misrepresentation, the economic loss doctrine also bars claims for fraud where the underlying claim is based on breach of contract. *See Stein v. Fenestra Am., LLC,* No. 09-5038, 2010 U.S. Dist. LEXIS 22286 at *11 (E.D. Pa. Mar. 9, 2010).

Further, the economic loss doctrine bars claims under the UTPCPL where the only damages sought are for economic losses.  *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 679 (3d Cir. 2002).


IV      <u>CONCLUSION</u>

For the reasons set forth above, this Court should dismiss Plaintiff's complaint against defendants First Mercury Insurance Company and State National Insurance Company with prejudice.

Respectfully submitted,

KOCH & DEMARCO, LLP

BY:   *Wendy H. Koch*/WHK7296
Wendy H. Koch
Atty. I.D. No.:  19503
Attorneys for Defendant,
State National Insurance Company

101 Greenwood Avenue
Jenkintown Plaza, Suite 300
Jenkintown, PA 19046
(215) 881-2280


Attorneys for First Mercury
Insurance Company and State
National Insurance Company

Dated: December 6, 2013

16