IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PHILIP A. DOWNEY                :
                                    :
                                    :
             Plaintiff,      : NO. 13-4545-MSG
                                    :
     V.                        :
                                    :
FIRST INDEMNITY INSURANCE, FIRST :
INDEMNITY  INSURANCE AGENCY, INC.:
FIRST INDEMNITY INSURANCE      :
SERVICES, INC., FIRST INDEMNITY  :
INSURANCE GROUP, ANDREW BIGGIO, :
And JOHN M. BIGGIO, FIRST MERCURY :
INSURANCE COMPANY AND STATE   :
NATIONAL INSURANCE COMPANY    :
                 Defendants.    :


**ANSWER and AFFIRMATIVE DEFENSES OF DEFENDANTS**
**FIRST MERCURY INSURANCE COMPANY and**
**STATE NATIONAL INSURANCE COMPANY**
**TO PLAINTIFF'S AMENDED COMPLAINT**


        Defendants, First Mercury Insurance Company (hereafter referred to as "First Mercury") and State National Insurance Company (hereafter referred to as "State National"), by its attorney, Wendy H. Koch, Esquire of Koch & DeMarco, P.C., by way of answer, affirmative defenses and cross claim to the amended complaint of plaintiff, Philip A. Downey states as follows:

## JURISDICTION

1.     Answering defendants are advised, believes and, therefore, aver that the allegations in paragraph 1 constitute conclusions of law to which no response is required.  To the extent that a response is deemed to be required, First Mercury admits that it is a citizen of Michigan.  State National admits that it is a citizen of Texas.  The remainder of the allegations either refer to defendants other than answering defendants or answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averments or are denied.  Strict proof thereof is required.

2.     Answering defendants are advised, believe and, therefore, aver that the allegations in paragraph 2 constitute conclusions of law to which no response is required.

## THE PARTIES

3.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 3 and therefore deny them and demand strict proof thereof.

4.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of

the averment contained in paragraph 4 and therefore deny them and demand strict proof thereof.

5.      After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 5 and therefore deny them and demand strict proof thereof.

6.      After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 6 and therefore deny them and demand strict proof thereof.

7.      After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 7 and therefore deny them and demand strict proof thereof.

8.      After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 8 and therefore deny them and demand strict proof thereof.

9.      After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 9 and therefore deny them and demand strict proof thereof.

10.    Admitted in part, denied in part.  It is admitted that First Mercury is an Illinois corporation with a statutory home office at One South Wacker Drive, Suite 2740, Chicago, IL and its principal place of business in Southfield, Michigan.  First Mercury specifically denies that it is vicariously liable for any acts or omissions of defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio and denies that defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio are or were agents of defendant First Mercury and demands strict proof thereof.  The remainder of the allegations contained in paragraph 10 constitute conclusions of law to which no response is required.  To the extent that a response is deemed to be required, the allegations are denied.

11.    Admitted in part, denied in part.  It is admitted that State National is a Texas corporation with a statutory home office at 1900 L Don Dodson Drive, Bedford, TX and its principal place of business in Bedford, Texas.  State National specifically denies that it is vicariously liable for any acts or omissions of defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio and denies that defendants First Indemnity Insurance, First Indemnity Insurance Services,

4

Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio are or were agents of defendant State National and demands strict proof thereof. The remainder of the allegations contained in paragraph 11 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, the allegations are denied.

12.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 12 and therefore deny them and demand strict proof thereof.

13.     Answering defendants are advised, believe and, therefore, aver that the allegations contained in paragraph 13 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## FACTS

14.     The legal malpractice complaint that was filed by Nicholas Knopick is a document that speaks for itself. Answering defendants state that the terms and conditions of said document speak for themselves and any characterization of them that varies from the terms and allegations contained therein is denied. Strict proof thereof is required.

15.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of

the averment contained in paragraph 15 and therefore deny them and demand strict proof thereof.

16.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 16 and therefore deny them and demand strict proof thereof.

17.     Admitted upon information and belief that Downey spoke with David Afton and advised him of the lawsuit.

18.     [No number 18].

19.     Admitted in part, denied in part.  It is admitted that on or about August 7, 2009, First Mercury issued a letter denying coverage to Philip A. Downey.  The denial letter is a document that speaks for itself.  Answering defendants state that the terms and conditions of said document speak for themselves and any characterization of them that varies from the terms and allegations contained therein is denied.  Strict proof thereof is required.

20.     Denied.  It is denied that prior to receiving the letter Downey did not know nor could he reasonably determine that the First Mercury policy of insurance did not cover acts prior to October 1, 2007.  To the contrary, the First Mercury policy clearly and unambiguously stated that it did not apply to any Claims arising from, attributable to, or based upon any Wrongful Act(s) committed or alleged to have been committed prior to the retroactive date of 10/01/2007.  The remainder of the allegations contained in paragraph

20 constitute conclusions of law to which no response is required.  To the extent that a response is deemed to be required, the allegations are denied.

21.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 21 and therefore deny them and demand strict proof thereof.

22.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 22 and therefore deny them and demand strict proof thereof.

23.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 23 and therefore deny them and demand strict proof thereof.

24.     The Solicitation is a document that speaks for itself.  Answering defendants state that the terms and conditions of said document speak for themselves and any characterization of them that varies from the terms and allegations contained therein is denied.  Strict proof thereof is required.

25.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 25 and therefore deny them and demand strict proof thereof.

26.     Denied. It is specifically denied that defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio are or were agents of answering defendants.   Answering defendants demand strict proof that that defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio were anything other than independent insurance brokers. Answering defendants are advised, believes and, therefore, aver that the remainder of the allegations contained in paragraph 26 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

27.     Denied. Answering defendants incorporate answer to paragraph 26 above.  Further answering defendants are advised, believes and, therefore, aver that the allegations contained in paragraph 27 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

28.     A copy of the letter is not attached to the amended complaint. Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 28 and therefore deny them and demand strict proof thereof.

29.   After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 29 and therefore deny them and demand strict proof thereof.

30.   A copy of the email is not attached to the amended complaint. Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 30 and therefore deny them and demand strict proof thereof.

31.   A copy of the "filled out" legal malpractice insurance application is not attached to the amended complaint.   Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 31 and therefore deny them and demand strict proof thereof.

32.   After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 32 and therefore deny them and demand strict proof thereof.

33.   After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 33 and therefore deny them and demand strict proof thereof.

34.     A copy of the legal malpractice insurance application is not attached to the amended complaint.    Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 34 and therefore deny them and demand strict proof thereof.

35.     After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 35 and therefore deny them and demand strict proof thereof.

36.     A copy of the letters is not attached to the amended complaint. Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 36 and therefore deny them and demand strict proof thereof.

37.     A copy of the e-mail is not attached to the amended complaint. Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 37 and therefore deny them and demand strict proof thereof.

38.     A copy of the letter is not attached to the amended complaint. Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the

averment contained in paragraph 38 and therefore deny them and demand strict proof thereof.

39.    A copy of the cover letter is not attached to the amended complaint.  Therefore, after reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the averment contained in paragraph 39 and therefore deny them and demand strict proof thereof.  However, to the extent the averments contend that Downey had no "inkling he had been left by the Defendants with a gap in coverage", the allegations are denied.  The First Mercury policy clearly and unambiguously stated that it did not apply to any Claims arising from, attributable to, or based upon any Wrongful Act(s) committed or alleged to have been committed prior to the retroactive date of 10/01/2007.   The remainder of the allegations contained in paragraph 39 constitute conclusions of law to which no response is required.  To the extent that a response is deemed to be required, the allegations are denied.

40.    Answering defendants are advised, believe and, therefore, aver that the allegations contained in paragraph 40 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

41.    Denied.  Answering defendants at all times acted with the utmost good faith in issuing the policy of insurance to Downey and the policy issued clearly and unambiguously stated the terms and conditions on which

11

it was written. Answering defendants deny they quoted a low premium to obtain Downey's business. Strict proof thereof is required.

42. Denied. It is specifically denied that defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio are or were agents and/or "exclusive brokers" of answering defendants. Answering defendants demand strict proof that that defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio were anything other than independent insurance brokers. Answering defendants are advised, believes and, therefore, aver that the remainder of the allegations contained in paragraph 42 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

43. Denied. It is denied that State National advertises First Indemnity as its "point of contact in the insurance market." Strict proof thereof is required.

44. Denied. It is denied that First Mercury is a wholly owned subsidiary of State National and/or a division of State National. To the contrary First Mercury Insurance Company is an Illinois stock insurance corporation and a wholly-owned subsidiary of First Mercury Financial Corporation, a Delaware Corporation. First Mercury Financial Corporation

12

is a wholly-owned subsidiary of Crum & Forster Holdings Corp., a Delaware corporation and indirect, wholly-owned subsidiary of Fairfax Financial Holdings Limited.

45. Admitted in part, denied in part. It is admitted that First Mercury denied coverage to Downey. Said denial was based on the clear and unambiguous terms of the policy as set forth in the RETROACTIVE DATE ENDORSEMENT that stated: "This policy does not apply to any CLAIMS or CLAIMS arising from, attributable to, or based upon any WRONGFUL ACT(S) committed or alleged to have been committed by the following lawyers prior to the corresponding retroactive date. NAME OF ATTORNEY AND RETROACTIVE DATE: Philip A. Downey, 10/01/2007". The remainder of the allegations contained in paragraph 45 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, the allegations are denied.

46. It is specifically denied that First Mercury improperly denied coverage. To the contrary, under the clear and unambiguous terms of the policy, no coverage was provided for claims arising from, attributable to, or based upon any wrongful act(s) committed or alleged to have been committed by Philip A. Downey prior to October 1, 2007. The wrongful acts alleged in the Knopick complaint occurred prior to October 1, 2007. The remainder of the allegations contained in paragraph 46 constitute conclusions of law to

which no response is required.  To the extent that a response is deemed to be required, the allegations are denied.

## COUNT I

47.    Answering defendants repeat and reallege each and every response set forth in paragraphs 1 through 46, inclusive, and incorporate each and every response set forth at length herein.

48.    Answering defendants are advised, believe and, therefore, aver that the allegations contained in paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  It is further specifically denied that answering defendants misrepresented coverage, breached any duty, or owed plaintiff any obligation to provide coverage for the claims alleged in the underlying lawsuit.

49.    Answering defendants are advised, believe and, therefore, aver that the allegations contained in paragraph 49 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against First Mercury Insurance Company and/or State National Insurance Company upon which relief may be granted.

14

## SECOND AFFIRMATIVE DEFENSE

Defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio or Andrew Biggio neither are nor at any time were agents of either First Mercury and/or State National.

## THIRD AFFIRMATIVE DEFENSE

Neither First Mercury nor State National is liable for any acts or omissions of defendants First Indemnity Insurance, First Indemnity Insurance Services, Inc., First Indemnity Insurance Agency, Inc., First Indemnity Insurance Group, John Biggio and/or Andrew Biggio.

## FOURTH AFFIRMATIVE DEFENSE

State National issued a claims-made Lawyers Professional Liability Policy No. SLA0006980 with effective dates of October 1, 2007 to October 1, 2008 to Philip A. Downey.  The obligations, if any, of State National are defined by the terms, conditions, exclusions and endorsements of the policy of insurance.  A copy of the policy is attached hereto as Exhibit "A" and is referred to as the "2007 Policy".

## FIFTH AFFIRMATIVE DEFENSE

The 2007 Policy states in pertinent part that "this insurance applies to a claim only if:  The professional services giving rise to such claim or circumstance which could give rise to a claim are rendered"  "on or after the retroactive date specified for the named insured and before the end of the

policy period"… [Endorsement CVX-LAW-243 (12/2004) at Exhibit "A".] The Retroactive Date Endorsement attached to the policy specifies that the retroactive date for Philip A. Downey is 10/01/2007.   [Endorsement CVX-LAW-266 (04/2005) at Exhibit "A".]

### SIXTH AFFIRMATIVE DEFENSE

The 2007 Policy of insurance also requires that "The named insured's written report of a claim or circumstance which could give rise to a claim is received by us prior to the expiration date of the policy period or the expiration of an Extended Reporting Period, if one applies. [Endorsement CVX-LAW-243 (12/2004) at Exhibit "A".]   The amended complaint alleges that the notice of claim was received by First Mercury and State National on or about July/August 2009. By the terms and conditions of the 2007 Policy, there is no claim made and reported during the policy period and accordingly there is no coverage.

### SEVENTH AFFIRMATIVE DEFENSE

The professional services giving rise to such claim alleged occurred on or before July 5, 2007.  Based on the clear and unambiguous policy language and allegations of the complaint, the professional services giving rise to the claim occurred before the October 1, 2007 retroactive date and accordingly there is no coverage.

## EIGHTH AFFIRMATIVE DEFENSE

State National issued a claims-made Lawyers Professional Liability Policy No. SLA0010473 with effective dates of October 1, 2008 to October 1, 2009 to Philip A. Downey.  The obligations, if any, State National are defined by the terms, conditions, exclusions and endorsements of the policy of insurance.  A copy of the policy is attached hereto as Exhibit "B" and referred to as the "2008 Policy".

## NINTH AFFIRMATIVE DEFENSE

The 2008 Policy states in pertinent part that "this insurance applies to a claim only if:  The professional services giving rise to such claim or circumstance which could give rise to a claim are rendered"  "on or after the retroactive date specified for the named insured and before the end of the policy period"… [Endorsement CVX-LAW-243 (12/2004) at Exhibit "B".] The Retroactive Date Endorsement attached to the policy specifies that the retroactive date for Philip A. Downey is 10/01/2007.  [Endorsement CVX-LAW-266 (04/2005) at Exhibit "B".]

## TENTH AFFIRMATIVE DEFENSE

Although the claim was first reported to First Mercury and State National during the 2008 Policy, the professional services giving rise to such claim occurred on or before July 5, 2007.  Based on the clear and unambiguous policy language and allegations of the complaint, the

professional services giving rise to the claim occurred before the October 1, 2007 retroactive date and accordingly there is no coverage.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the claims asserted by Philip A. Downey do not involve a liability for claims covered by of the 2007 Policy and/or 2008 Policy, there is no coverage for such claims.

## TWELFTH AFFIRMATIVE DEFENSE

Insurance coverage for the claims by Philip A. Downey are excluded by Retroactive Date Endorsement of 2007 Policy and the 2008 Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

When interpreting an insurance contract, "the court must consider the parties' intent as manifested by the language of the instrument.  Where that language is clear, the court is required to apply its terms as written." Nationwide Insurance, Co. v. Horace Mann Insurance, Co., 2000 PA Super 245, 759 A.2d 9, 11 (Pa. Super. 2000).

## FOURTEENTH AFFIRMATIVE DEFENSE

An insured is deemed to know the contents of his insurance policies. *See* Standard Venetian Blind Co. v. Am. Empire Ins. Co., 503 Pa. 300, 469 A.2d 563, 566 (Pa. 1983).

## FIFTHTEENTH AFFIRMATIVE DEFENSE

An insurer has the right to limit coverage on a policy, and where an insurer has done so, a court must give effect to the plain language of the

limitation. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 735 A.2d 100, 106 (Pa. 1999).

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff recovers from Answering Defendants, Answering Defendants, First Mercury Insurance Company and State National Insurance Company are entitled to contribution, set-off and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiff's alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint does not state claims with sufficient particularity to enable answering defendants to determine what defenses it may have in response to plaintiff's suit, the claims are barred.  Answering defendants therefore reserve the right to assert all defenses which may be pertinent to plaintiff's complaint once the precise nature of such claims is ascertained through discovery.

**WHEREFORE**, answering defendants pray for relief as follows:

A.      For a declaration that First Mercury and/or State National have no obligation to defend plaintiff in the underlying lawsuit for the claims by Nicholas Knopick in Civil Action No. 13-4545 in the Middle District of Pennsylvania;

B.      For a declaration that First Mercury and/or State National have no obligation to indemnify Downey for the claims by Nicholas Knopick in Civil Action No. 13-4545 in the Middle District of Pennsylvania;

C.      For its attorneys' fees and costs pursuant to law; and

D.      For such other relief as is just and equitable herein.

KOCH & DeMARCO, P.C.


BY:     *Wendy H. Koch* WHK7296
        WENDY H. KOCH
        Atty. I.D. No.:  19503
        Attorneys for Defendants,
        First Mercury Insurance Company
        State National Insurance Company

        101 Greenwood Avenue
        Jenkintown Plaza, Suite 300
        Jenkintown, PA  19046
        (215) 881-2280

DATED:  February 13, 2014

## CERTIFICATION OF SERVICE

I, Wendy H. Koch, hereby certify that a true and correct copy of Answer and Affirmative Defenses of Defendants, First Mercury Insurance Company and State National Insurance Company, to Plaintiff's Amended Complaint was filed electronically and is available for viewing and downloading from the ECF system.


*Wendy H. Koch* WHK7296
WENDY H. KOCH

Dated:   February 13, 2014